UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHANNON MONTIGNY,<br><br>                Plaintiff,<br><br>v.<br><br>SOUTHCOAST HEALTH SYSTEM, INC., KEITH HOVAN AND WADE BROUGHMAN,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants Southcoast Health System, Inc. ("Southcoast"), Kevin Hovan ("Hovan") and Wade Broughman ("Broughman") (collectively referred to as "Defendants") hereby file this Notice of Removal, removing this action from the Superior Court for Bristol County in the Commonwealth of Massachusetts, where it is now pending, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, 1441(a) and (c), and 1446.

### I.     TIMELINESS OF REMOVAL

1.     On or about June 8, 2020, Plaintiff Shannon Montigny ("Plaintiff") filed a civil action in the Superior Court for Bristol County in the Commonwealth of Massachusetts entitled, *Shannon Montigny v. Southcoast Health System, Inc., et al.*, Civil Docket No. 2073CV00368. Defendants were served with the Summons, Complaint and Tracking Order on or about June 29, 2020. Copies of the Summons, Complaint and Tracking Order are attached hereto as Exhibits A, B, and C respectively.

2. On or about July 21, 2020, Defendants filed Notices of Appearance and an Assented-to Motion to Extend Time to Respond to Complaint. Copies are attached as Exhibits D, E, and F respectively.

3. On or about July 21, 2020, the Superior Court granted Defendants' Assented-to Motion to Extend Time to Respond to Complaint. A copy of the Clerk's Notice is attached as Exhibit G.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendants.

## II. VENUE

5. The Superior Court for Bristol County in the Commonwealth of Massachusetts is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL: FEDERAL QUESTIONS

6. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1337, which provides, "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …."

7. The Complaint alleges, in part, that Southcoast terminated Plaintiff's employment because she took protected family leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). (*See* Complaint at ¶¶ 36-48). The Complaint also alleges,

in part, that Defendant failed to pay overtime and other wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). (*See* Complaint at ¶¶ 124-129). Because Plaintiff has asserted claims for violation of federal laws, specifically violations of the FMLA and FLSA, Plaintiff's Complaint presents federal questions and jurisdiction exists under 28 U.S.C. § 1331.

8. Plaintiff's Complaint also arises, in whole or in part, under a law of the United States regulating commerce, Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 185 *et seq.* ("LMRA"), because Plaintiff was a member of a union and her wage and hour claims plausibly may require the interpretation of various collective bargaining agreement ("CBA") provisions that applied to her. Therefore this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1337, and the action is removable under 28 U.S.C. § 1441(a) on this basis as well.

9. Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization … may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties.

10. LMRA Section 301 not only grants federal court jurisdiction, but it also completely preempts two types of state law claims: (a) those alleging the breach of a collective bargaining agreement, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("The preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization"); *Vaca v. Sipes*, 386 U.S. 171, 188-93 (1967); and (b) those whose resolution are substantially dependent upon an analysis of such an agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *see also International Brotherhood of Electrical Workers v. Hechler*, 481 U.S. 851, 858 (1987) (state

law claims preempted if "inextricably intertwined" with consideration of terms of labor contract); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (same).

11. Artfully pleaded claims for breach of a collective bargaining agreement or claims that require interpretation of a bargaining agreement are inextricably intertwined with the agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Even suits based on torts rather than on breach of a collective bargaining agreement are governed by federal law if their evaluation is "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp.*, 471 U.S. at 210-11. State statutory and common law claims brought by unionized employees may be preempted by the LMRA if the state law claim "plausibly would require interpretation of the [employee's] CBA." *See Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 62 (1st Cir. 2016).

12. Although the well-pleaded complaint rule normally requires that a federal question must appear on the face of the complaint for removal to be appropriate, an exception to this general rule – the complete preemption doctrine – applies when Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Caterpillar Inc. v. Williams*, 492 U.S. 386, 393-394 (1987) (complete preemption corollary to well-pleaded complaint rule permits removal of claim for breach of collective bargaining agreement even if complaint does not refer to § 301); *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003) ("[I]f plaintiff's state 'claims are preempted by section 301, federal jurisdiction exists and the removal of his case was proper.'"); *Williams v. Comcast Cablevision of New Haven, Inc.*, 322 F. Supp. 2d 177, 182 (D. Conn. 2004).

13. Federal subject matter jurisdiction exists at the time of removal if there is a "seemingly valid or genuine argument that adjudication of the plaintiff's claim would require construction of the CBA." *See Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 18 (1st Cir. 2018).

14. As the First Circuit found in analyzing the nurses' state law wage and hour claims in *Rueli v. Baystate Health, Inc.*, Plaintiff's claims will require an analysis of various portions of the CBA, specifically with respect to management's right to create workplace rules and set/control employees' schedules. Plaintiff's CBA has a similar scheduling provision to that in the *Rueli* case, including a provision regarding the scheduling of weekend work (*see* CBA, Article 7). It also contains a mileage reimbursement provision (*see* CBA, Article 13.4). Given this, Plaintiff's wage and hour claims plausibly may require the interpretation of various CBA provisions, especially given the "permissive standard" at the time of removal. *See Lawless v. Steward Health Care Sys., LLC*, 894 F.3d at 18.

15. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1331, and the action is removable under 28 U.S.C. § 1441(a).

IV. **ADDITIONAL BASIS FOR REMOVAL: SUPPLEMENTAL JURISDICTION**

16. Alternatively, if this Court determines that any of Plaintiff's claims are not completely preempted by LMRA Section 301, this Court would have supplemental jurisdiction over those claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try

them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

17. Here, Plaintiff's state law claims relate closely to her FLSA claims. The claims all arise out of a common nucleus of operative facts. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## V. ADDITIONAL BASIS FOR REMOVAL: CAFA

18. The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

19. CAFA's legislative history provides that any doubts regarding the maintenance of a class action in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *accord McMorris v. T.DC Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (denying motion to remand and stating that "one of CAFA's primary mechanisms for expanding jurisdiction is to replace the strict

6

complete diversity requirement with a lenient rule now granting jurisdiction if any diversity exists between Plaintiffs and defendants").

20. This Court has original jurisdiction over this action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendants, the number of members in the proposed class in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

    A.    **MINIMAL DIVERSITY**

21. At the time Plaintiff commenced this action in state court, there was minimal diversity of citizenship as required by CAFA, 28 U.S.C. § 1332(d)(2)(A).

22. At the time Plaintiff commenced this action in state court, Plaintiff was a citizen of Massachusetts. Complaint ¶1.

23. At the time Plaintiff commenced this action in state court, Southcoast was incorporated in Massachusetts and had its principal place of business in Massachusetts.

24. At the time Plaintiff commenced this action in state court, Hovan was a resident of Massachusetts.

25. At the time Plaintiff commenced this action in state court, Broughman was a resident of Massachusetts.

26. At the time Plaintiff commenced this action in state court, at least one putative class member was a resident of Rhode Island.

    B.    **CLASS SIZE**

27. CAFA's class size requirement is also satisfied. This is a putative class action to recover damages for alleged violations of M.G.L. c. 149, §§148 and 150, M.G.L. c. 151, §§1,1A,

§1B and 20.  Plaintiff, a former nurse, alleges that she was required to work more than 40 hours per week, and that Defendants failed to pay her and other similarly situated nurses working in Massachusetts minimum, overtime and other wages.  The statute of limitations on Plaintiff's claims is three (3) years.

28. Based on a review of Southcoast's records, there are over 100 individuals who worked as visiting nurses in Massachusetts during the three (3) year limitation period.  CAFA's size requirement is therefore satisfied.

C. **AMOUNT IN CONTROVERSY**

29. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).  The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).  "[T]he pertinent question is *what is in controversy in the case*, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)(emphasis added).

30. While Defendants deny the validity of Plaintiff's claims and requests for relief and do not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the requested relief, Defendants submit that the amount in controversy exceeds $5,000,000.  The sum and substance of the allegations in the Complaint against Southcoast are that Southcoast failed to pay the putative class of nurses both regular or overtime wages in connection with their work as visiting nurses.  Plaintiff alleges she and the putative class members performed at least one hour of unpaid "off-the-clock" work per shift before arriving at the first patient's home

(Complaint ¶84), that they were not paid for compensable driving time (*Id.* ¶85), that they were not paid when they worked through their 30-minute lunch breaks (*Id.* ¶¶91-92), that they regularly worked nights and weekends "off-the-clock" (*Id.* ¶¶87-88), and that they regularly worked overtime and were not paid overtime either (*Id.* ¶96).

31. Based on a review of records for the three year time period covered by this case, and assuming Plaintiff and the putative class prevail on all of their claims, which Defendants vigorously dispute, the potential recovery of the putative class on these claims and based on these allegations exceeds $5,000,000 in single damages. Moreover, pursuant to M.G.L. c. 149, §150, Plaintiff and the putative class further seek to treble that amount. They also seek attorney's fees.

32. Accordingly, CAFA's amount in controversy requirements have been met.

## VI. CONCLUSION

33. To date, Defendants have not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action other than what is summarized in paragraphs 1-3 above.

34. Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice will be filed with the Superior Court of Bristol County, Massachusetts. A copy of the notice to the state court is attached to this Notice as Exhibit H. Additionally, a copy of the notice to the state court and a copy of this Notice will be served upon Plaintiff.

35. Defendants will file with the Court attested copies of all records, proceedings and docket entries in the state court within twenty-eight (28) days, pursuant to Local Rule 81.1.

36. By removing this matter and making the statements above regarding the value of the remedies sought by Plaintiff, Defendants do not concede that any of these remedies are appropriate and does not waive, or intend to waive, any defense.

WHEREFORE, Defendants respectfully request to remove the aforesaid action to the United States District Court for the District of Massachusetts.

                                       Respectfully submitted,

                                       DEFENDANTS SOUTHCOAST HEALTH SYSTEM INC., KEITH HOVAN AND WADE BROUGHMAN,

                                       By their attorneys,

                                       */s/ Diane M. Saunders*
                                       Diane M. Saunders, BBO #562872
                                       Alexandra E. Shaw, BBO #694534
                                       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                       One Boston Place, Suite 3500
                                       Boston, MA 02108
                                       Tel. (617) 994-5700
                                       Fax (617) 994-5701
                                       diane.saunders@ogletree.com
                                       alexandra.shaw@ogletree.com

Dated: July 29, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2020, a true copy of the above document was filed through the Court's electronic filing system and served via electronic mail upon counsel for Plaintiff in this matter:

> Chip Muller
> Muller Law, LLC.
> 147 Wood Avenue
> Barrington, RI 02806
> chip@mullerlaw.com

                */s/ Diane M. Saunders*
                Diane M. Saunders

43579733.1